IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 09-335 |
| | ) | |
| RANDY BERGER | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

CONTI, District Judge.

Pending before the court is a motion to enforce stipulations (ECF No. 27) filed by the government on January 7, 2011. Defendant Randy Berger ("defendant") filed his first response dated January 10, 2011 (ECF No. 28), and a second response dated February 11, 2011 (ECF No. 30). On February 22, 2011, the government filed a reply to defendant's second response (ECF No. 31). Defendant's sentencing is scheduled to take place on April 4, 2011 at 3:30 p.m.

The government argues in its motion that the court should enforce the stipulated loss amounts in the plea agreement at the time of sentencing by precluding defendant from introducing evidence of a loss lower than the amount to which defendant stipulated. In the alternative, the government asserts the court should construe defendant's arguments for being able to introduce evidence of lower loss amounts or to object to the stipulated loss amounts as a breach of the plea agreement. Defendant responds that information relevant to loss amounts was not available to him when he entered into the plea agreement with the government, and he believes the loss values are incorrect. Defendant argues U.S.S.G. § 6B1.4(d) permits the court to look at facts outside the stipulations in a plea agreement to determine the appropriate sentence.

## I. Background

On February 11, 2010, defendant pleaded guilty to count one of the information at criminal no. 09-335 charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343. On December 10, 2010, defendant entered into a plea agreement with the government. (ECF No. 6.) The parties do not dispute the validity of the plea agreement.

The relevant portions of the plea agreement are set forth as follows:

> B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:
>
> 1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Randy Berger in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence.
>
> . . .
>
> C. Randy Berger and the United States Attorney further understand and agree to the following:
>
> . . .
>
> 3. The parties stipulate that the loss associated with the conduct charged in the Information, and all relevant conduct, is between $1,000,000 and $2,500,000 for the purpose of the Sentencing Guidelines. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.
>
> 4. The parties agree that the attached stipulation is a complete and accurate account of the offense conduct, including all relevant conduct, and therefore that under § 2B1.1 of the Sentencing Guidelines, the base offense level is 7. The parties further agree that the base offense level of 7 should be raised by 16 levels under § 2B1.1(b)(1)(I) of the Guidelines.

     5.    The parties further agree that the adjusted base offense level should be raised by a total of 2 levels under section 3B1.3 (Abuse of Position of Trust or Special Skill) of the Guidelines.

     6.    The parties also agree that the adjusted base offense level should be lowered by a total of 3 levels under section 3E1.1 (Acceptance of Responsibility) of the Guidelines.

     7.    Thus, the parties agree that Randy Berger's overall offense level under the Sentencing Guidelines is 22.

(Plea Agreement at 3-4.)

## *II. Legal standard*

Whether a defendant has breached the terms of a plea agreement is a question of law. United States v. Larkin, 629 F.3d 177, 185 (3d Cir. 2010). The government has the burden to prove a defendant's breach of a plea agreement by a preponderance of the evidence. United States v. Williams, 510 F.3d 416, 424 (3d Cir. 2007).

## *III. Discussion*

Plea agreements are analyzed according to contract principles and ambiguities in plea agreements drafted by the government are construed against the government. Id.; see United States v. Baird, 218 F.3d 221, 229 (3d Cir. 2000) (in light of the government's "tremendous bargaining power," courts must "strictly construe the text" of the plea agreement against the government when it has drafted the agreement). "The essential question is whether the alleged breaching party's 'conduct is consistent with the parties' reasonable understanding of the agreement.'" Williams, 510 F.3d at 425 (quoting United States v. Hodge, 412 F.3d 479, 485 (3d Cir. 2005)). While contract terms should be construed against the drafter, the construction must

3

be a reasonable one. See Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc., 247 F.3d 79, 96 (3d Cir. 2001) ("[I]f the plain meaning of a contract term would lead to an interpretation that is absurd and unreasonable, Pennsylvania contract law allows a court to construe the contract otherwise in order to reach 'the only sensible and reasonable interpretation' of the contract.") (quoting United Refining Co. v. Jenkins, 189 A.2d 574, 579 (Pa. 1963)).

Generally, a defendant cannot renege on his agreement, and when he stipulates to a point in a plea agreement, he "'is not in a position to make arguments [to the contrary]." Williams, 510 F.3d at 422 (quoting United States v. Cianci, 154 F.3d 106, 110 (3d Cir. 1998)). Courts must enforce bargained-for exchanges in plea agreements against defendants, otherwise "the government would have no meaningful recourse if it performed its end of the agreement but did not receive the benefit of its bargain in return." Id. at 422-23.

The Court of Appeals for the Third Circuit in Larkin utilized a three-step approach to analyze whether a party is in breach of a plea agreement. First, the court must consider the relevant paragraphs from the plea agreement and a description of the alleged improper conduct of the respective parties. Larkin, 629 F.3d at 186. Second, the conduct must be evaluated to determine whether it violates the parties' obligations under the plea agreement. Id. Third, if a party breached its duty under the plea agreement, the court must fashion the appropriate remedy. Id. Each step will be discussed.

### A. Plea agreement language and alleged improper conduct

In the plea agreement, the parties referred to certain sections of the United States Sentencing Guidelines and stipulated to defendant's base offense level and applicable enhancements. In light of the United States Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Guidelines (the "guidelines") are advisory

4

and no longer mandatory in the federal courts. The Court in Booker stated that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264. Courts also are directed to sentence criminal defendants in accordance with the factors set forth in 18 U.S.C. § 3553(a). See, e.g., 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, *shall* consider . . . the nature and circumstances of the offense . . . .") (emphasis added).

Defendant and the government clearly stipulated to particular loss amounts for the purpose of determining defendant's sentencing range under the guidelines. The parties agreed that those loss amounts qualified defendant for enhancements to his base offense level under the guidelines. Plea agreement stipulations regarding loss amounts "generally govern the resolution of that issue . . . ." United States v. Granik, 386 F.3d 404, 411 (2d Cir. 2004). The stipulations, however, do "not fix that amount as a matter of law." Id.; United States v. Ketcham, 80 F.3d 789, 792 n.6 (3d Cir. 1996) ("A sentencing court is not bound by factual stipulations in a plea agreement and has discretion to make factual findings based on other relevant information.").

There is no language in the agreement which could be construed to permit either party to challenge the guideline determination they agreed upon. If either party did so, that would be in violation of the agreement. See United States v. Rivera, 357 F.3d 290, 295 (3d Cir. 2004) (a specific clause in the plea agreement stipulating to the base offense level controlled a general clause, which permitted the government to "take any position with respect to the appropriate sentence to be imposed on [the defendant] by the sentencing judge," and the government was not permitted to advocate for a role enhancement). The express language in paragraph C.3 of the plea agreement, however, permits defendant and the government to bring to the attention of the

court *any* information not within their knowledge at the time they entered into the agreement.[1] (See Plea Agreement ¶ C.3 ("The stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.").) That language allows defendant to seek a variance and introduce evidence at sentencing with respect to § 3553(a) factors, including the nature and circumstances of the offense. See 18 U.S.C. § 3553(a)(1). Likewise, the government retained the right in paragraph B.1 to advise the court of the "full nature and extent of the involvement of [defendant] in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence." (See Plea Agreement at 3.)

The government presents the court with a binary choice – either restrict defendant from introducing evidence contradicting the stipulated loss amounts or find defendant breached the plea agreement and allow the government to present its own evidence with respect to the loss amounts. Defendant contested the stipulated loss amounts relied on in the presentence report and provided an independent report that listed lower loss amounts. (See Def.'s Position (ECF No. 20), Ex. 1.) As noted, the stipulations in the plea agreement with respect to the loss amounts and the overall offense level are not qualified by any language which would permit defendant or the government to challenge the guideline calculation. Paragraph C.3, however, when construed against the government as the drafter of the agreement, would permit defendant and the government to introduce evidence at sentencing to support a downward or upward variance, including, with respect to the nature and circumstances of the offense, evidence of loss amounts other than what was used to calculate the guidelines offense level in the plea agreement.

---

[1] The government did not address this language in its motion to enforce stipulations.

This situation is different from Williams. There, the government and the defendant included language in the plea agreement that prevented both parties from seeking departures or variances. The defendant and the government agreed "'not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 33 is reasonable.'" Id. at 419 (citation omitted). The defendant in Williams at the time of sentencing requested the district court to depart downward from his guideline range of 168 to 210 months and argued for a variance under Booker and the § 3553(a) factors. Id. at 419-20. The district court, explaining that it took into consideration the § 3553(a) factors, granted a downward variance from the guidelines sentence and sentenced the defendant to 120 months imprisonment. Id. at 421.

On appeal, the court in Williams found the defendant breached the plea agreement in his sentencing memorandum and at sentencing when he advocated for departures or variances, because the plea agreement "unambiguously prohibited him from asking for a downward departure or adjustment."[2] The court of appeals vacated the sentence and remanded the case for resentencing before a different judge. While the court in Williams concluded the prohibition restricted the government and the defendant from seeking departures or variances, it emphasized that the "decision in no way reflects upon the discretion of the sentencing judge to issue a sentence the judge deems reasonable." Id. at 426.

Here, the government included language in the plea agreement permitting defendant and the government to provide the court with information regarding loss amounts not within their knowledge at the time they entered into the plea agreement. If the government wanted to

---

[2] With respect to the nomenclature of departures and variances, a departure is understood to be a permissible up or down departure within the guideline system, while a variance is a request for the court to consider a sentence outside the guidelines that is similar to the adjustment referred to in Williams.

7

preclude defendant from introducing evidence to support a variance, it could have included language similar to Williams, i.e., preventing defendant from seeking a variance based upon a lower loss amount.

In Larkin, the court of appeals considered whether the government violated the plea agreement. In that case, the government and the defendant entered into a plea agreement that contained language permitting the government to provide to the court and the United States Probation Office "all the information in its possession which it deems relevant to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct." Larkin, 629 F.3d at 187. The plea agreement further provided it did not "restrict the Government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures." Id.

The defendant in Larkin alleged the government set forth in its sentencing memorandum recommendations for an enhancement and an upward departure which violated the government's obligations under the plea agreement to abide by certain stipulations. The court of appeals disagreed with the defendant and cited to the relevant portions of the plea agreement permitting the government to provide evidence to the court regarding enhancements and departures. That language "permitted the government to respond to the District Court's request for briefing on *any* issue related to the application of the guidelines to Larkin's conduct . . . ." Id. at 189; see United States v. Horsfall, 552 F.3d 1275, 1282 (11th Cir. 2008) ("Because the agreement permitted the government to introduce such information and the government did not explicitly oppose a sentence within the guideline range, the government did not violate the plea agreement.").

At the district court's request for briefing, the government provided an analysis of an applicable enhancement and upward departure. Larkin, 629 F.3d at 192 n.12. The court of appeals distinguished the government *providing* an analysis at the district court's request, which was permitted under the plea agreement, from impermissibly *advocating* for application of the enhancement. Id. at 191. The court of appeals concluded the government "fulfilled its obligation to recommend a sentence within the guideline range and the plea agreement specifically permitted the government to supply the District Court with the information relevant to [enhancements]." Id. at 190. To the degree the government advocated for upward departures, the court held the government was "responding to a request from the District Court consistent with [the terms of the plea agreement]," and "it did not step outside the bounds of the plea agreement." Id. at 192.

In the plea agreement here, defendant and the government agreed to a certain level of flexibility with respect to the information they could present to the court at the time of sentencing. Paragraph C.3 permits defendant and the government to introduce evidence for a variance, including under § 3553(a)(1) (nature and circumstances of the offense). Introducing that kind of evidence at the time of sentencing will not violate the plea agreement.

As noted earlier, the court is not constrained by the stipulations in the plea agreement and may consider facts outside the agreement to fashion an appropriate sentence. See, e.g., 18 U.S.C. § 3553(a)(1). The court "must find the loss amount[s] as a fact at sentencing," but such a finding "must be based on the record as a whole, including the affirmation by the defendant of the accuracy of the plea agreement and any other evidence before the court" at sentencing. Granik, 386 F.3d at 411; see U.S.S.G. § 6B1.4 (Commentary) ("[T]he court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of

9

sentence. Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information."); FED. R. CRIM. P. 11(c)(3) (the court may accept or reject the plea agreement recommendations). Under the terms of the plea agreement, the stipulations retain evidentiary value and both parties will be permitted to introduce evidence concerning any variances.

### *B. Whether defendant's conduct violated the plea agreement*

If defendant argues for a variance and not to recalculate the guideline loss amounts or his overall offense level, his conduct will be consistent with a reasonable understanding of the plea agreement because the government – the drafter of the plea agreement –provided the parties the opportunity to introduce any information not within their knowledge at the time they entered the plea agreement. The stipulations, however, bind the parties concerning the determination of the guideline range; defendant cannot argue for the court to disregard the stipulations in the plea agreement. The stipulations remove the burden from the government to prove the loss amounts because defendant agreed with the loss ranges set forth in the plea agreement. See generally United States v. McCoy, 410 F.3d 124, 132 (3d Cir. 2005) (entering into a stipulation with the defendant relieved the government of its burden to prove the knowledge and intent elements of the drug charges). The court under § 3553(a), however, is obligated to consider factors outside the guidelines in crafting a sentence that is reasonable. See Williams, 510 F.3d at 425 (a sentencing court has a duty to consider the § 3553 factors). Defendant's request to vary from the stipulated guidelines range in light of evidence he did not have at the time he entered into the plea agreement concerning the loss amounts is consistent with the court's discretionary authority to consider evidence in connection with § 3553(a) factors. To the extent defendant's position with respect to alternate loss amounts question the stipulations and calculations of the guidelines,

10

that position would violate the plea agreement. To the extent the new information can be construed as a variance under § 3553(a), defendant is not precluded from presenting that evidence at the time of sentencing.

## *C. Remedy*

If defendant objects to the stipulated loss amounts in the plea agreement and their effect on his guideline offense level, the court will consider those objections to be a violation of the plea agreement. Defendant may withdraw those objections or risk violating the terms of the plea agreement. If defendant persists in his objections to the guideline calculations, the government would be permitted to treat the plea agreement as breached and seek further enhancements to defendant's guideline offense level. If, however, defendant intends to proceed in good faith by introducing evidence of the nature and circumstances of his offense and seeks a variance, the court may consider that evidence, as well as any evidence offered by the government to contest the variance under the § 3553(a) factors.

## *IV. Conclusion*

Defendant will not breach the plea agreement if he seeks to introduce evidence of the loss amounts in connection with a request for a variance. Under the language of the plea agreement, defendant and the government may present to the court any information not within their knowledge at the time they entered into the plea agreement. In response, the government may introduce evidence showing the same or higher loss amounts. The government's motion to enforce stipulations shall be denied without prejudice.

# ORDER

**AND NOW**, this 31st day of March, 2011, it is **HEREBY ORDERED** that for the reasons set forth in the forgoing memorandum opinion, the motion to enforce stipulations (ECF No. 27) filed by the government is **DENIED** without prejudice.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

Dated: March 31, 2011